UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES E. BEAN, II** | : | **DOCKET NO. 2:20-cv-1261** |
| B.O.P. #45922-074 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FEDEARL BUREAU OF PRISONS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner James E. Bean, II. Bean is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### I.
#### BACKGROUND

The factual basis for Bean's claim is provided in our preceding amend order. Doc. 6. He claims that the BOP erred by failing to credit him for the time period between April 1, 2013, through May 24, 2014. Doc. 1, p. 2. In our amend order, we stated that we could not determine

whether Bean's petition should survive initial review without reviewing the BOP's responses to his requests for administrative remedy. Doc. 6, p. 3.

Bean has now responded to our amend order by filing an amended petition and providing a copy of the response to his BP-11. Doc. 7, att. 1. The BP-11 response sets forth the following facts:

> A review of your record revealed you were arrested by state authorities in Tennessee on October 9, 2012, on parole violation charges in Case Number A7CR0477. On January 28, 2013, your Parole term was revoked, and you were sentenced to a maximum 3-year term of imprisonment. This sentence expired on May 24, 2014.
>
> On April 1, 2013, you were transferred to federal custody pursuant to a federal writ and received an Order of Commitment for Mental Examination and Evaluation. On March 23, 2014, you were sentenced in the United States District Court Eastern District of Tennessee to a 130-month term of confinement (later reduced to 110-months), Case Number 3:13-CR-00045-016. Your judgment does not indicate the federal sentencing court ordered the sentence to be served concurrently with any other sentence, however, it did 'recommended (sic) that the defendant receive credit toward your federal sentence since you were received on Writ of Habeas Corpus ad Prosequendum on April 1, 2013.' You were returned to the custody of state authorities on March 21, 2014.

Doc. 7, att. 1, p. 3.

The response concludes that the time spent in the primary custody of state authorities, which includes the time period at issue, April 1, 2013-May 24, 2014, was credited against Bean's state sentence and not creditable against his federal sentence under Title 18 § 3585 (b). *Id.*

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny sentencing credit is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992). A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has a made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Bean provides proof of his exhaustion through the BP-11 response. *See* 28 C.F.R. § 542.15(a) (designating the BP-11 as the final stage of the BOP's administrative remedy procedure). However, the decision on that request, and the claim as provided by Bean, show that there is no error to the BOP's decision and no basis for relief under § 2241. Bean's sentence was computed as directed by 18 U.S.C. § 3585(b), which does not allow the time credited to his state sentence to

be creditable against his federal sentence. Accordingly, even after his amendment, it is plain that he can show no right to relief. His petition should thus be dismissed under Rule 4 as described above.

### III.
#### CONCLUSION

Collazo fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of April, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE